IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lamont Simmons, | ) | |
| Plaintiff, | ) ) ) | C/A No.: 2:19-1754-BHH |
| vs. | ) ) | **ORDER** |
| Charleston County Sheriff's Office and Joseph Stokes, individually, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. Plaintiff Lamont Simmons, through his attorney, filed a complaint against Defendants Charleston County Sheriff's Office ("CCSO") and police officer Joseph Stokes asserting a claim for excessive force in violation of his constitutional rights pursuant to 42 U.S.C. § 1983, and claims for battery, assault, and negligence. (ECF No. 1). Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the bases of Eleventh Amendment immunity and immunity under the South Carolina Tort Claims Act ("SCTCA") as to all causes of action other than the § 1983 claim against Defendant Stokes in his individual capacity. (ECF Nos. 8, 8-1). On September 26, 2019, the Magistrate Judge issued a Report and Recommendation recommending that this Court grant the motion and dismiss all but the first cause of action. (ECF No. 18).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may

also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff filed no objections and the time for doing so expired on October 10, 2019. In the absence of objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Indeed, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the Magistrate Judge's findings and recommendations for clear error. The Court agrees with the Magistrate Judge that the second and third causes of action should be dismissed on the basis of sovereign immunity and that the sixth cause of action should be dismissed on the basis of SCTCA immunity. However, the Court finds that the state law claims for assault and battery asserted in the fourth and fifth causes of action should proceed.

As the Magistrate Judge explained, the SCTCA provides the "exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code § 15–78–70(a). Under the Act, an employee of a governmental entity who commits a tort while acting within the scope of his official duty is immune from liability for that tort; however, an employee is not entitled to immunity if it is proven that the employee's conduct constituted "actual malice" or "intent to harm." S.C. Code § 15–78–70(b). Defendants

argue that there "is no allegation of 'actual malice,' or 'intent to harm,'" asserted in support of the assault and battery claims, (ECF No. 8-1 at 5), and the Magistrate Judge agreed. However, under South Carolina law, if a Sheriff's deputy "uses excessive force, or 'force greater than is reasonably necessary under the circumstances,' he may be [personally] liable for assault." *Stewart v. Beaufort County*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) (quoting *Roberts v. City of Forest Acres,* 902 F.Supp. 662, 671 n.2 (D.S.C.1995)). *See Morning v. Dillon County*, No.: 4:15-cv-03349-RBH, 2017 WL 4276906, at *6 (D.S.C. Sept. 27, 2017) (explaining that "[b]ecause Plaintiff has a viable § 1983 excessive force claim against Rogers, there is a genuine issue of material fact as to whether the DCSO is liable under the SCTCA for the alleged assault and battery committed by Rogers") (citing *Barfield v. Kershaw Cty. Sheriff's Office*, 638 Fed. Appx. 196, 201–03 (4th Cir. 2016) ("[I]n the case of a viable excessive force claim under § 1983, Barfield's SCTCA battery claim against the KCSO also survives [summary judgment].")). No one disputes that Plaintiff has adequately alleged an excessive force claim as to Defendant Stokes, and he incorporates those allegations in his claims for assault and battery. (ECF No. 1 at ¶¶ 67, 72). Accordingly, for the purpose of the Rule 12(b)(6) inquiry, the Court finds that Plaintiff has alleged that Defendant Stokes acted with actual malice and/or intent to harm so as to overcome immunity from suit on the assault and battery claims. The governmental agency, in this case CCSO, may be liable for the assault and battery. *Barfield*, 638 Fed. Appx. at 201; S.C. Code § 15-78-70(c).

Therefore, the Report and Recommendation is adopted in part and incorporated herein by reference consistent with this Court's ruling. The motion to dismiss is granted in part and denied in part. The motion is granted to the extent that the second, third,

and sixth causes of action are dismissed without prejudice.  The motion is otherwise denied.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

October 22, 2019
Charleston, South Carolina

***** 

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.